```
              IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF MARYLAND

SAMUEL J. LANAHAN, JR.          *
                                *
v.                              *    Civil Action WMN-12-0040
                                *
ESTATE OF SHEILA S. LANAHAN     *
ET AL.                          *
                                *
    *    *    *    *    *    *    *    *    *    *    *
```

## MEMORANDUM AND ORDER

Pending before the Court is Plaintiff's Motion for Reconsideration, ECF No. 14. The motion is fully briefed. Upon consideration of the pleadings, facts and applicable law, and for the reasons set forth below, the Court determines that Plaintiff's motion will be denied.

In this breach of contract action, Plaintiff seeks reconsideration of the Court's decision granting Defendants' Motion to Dismiss. Plaintiff alleged in his Complaint that his father's late wife, Sheila Lanahan, breached an agreement she made with Plaintiff's father, Samuel J. Lanahan, Sr. (Jack), to convey, upon her death, certain real property on Maryland's Eastern Shore to Plaintiff and his two sisters, Jack's lineal descendants. Sheila passed away on August 13, 2011, and her estate is currently being administered under the direction of the Register of Wills for Talbot County, Maryland. The property, known as Boston, is listed for sale, the proceeds of which are to be distributed to Sheila's two children from her

previous marriage, pursuant to her will.  Plaintiff brought suit to enforce the alleged agreement between his father and Sheila.

On July 24, 2012, the Court granted Defendants' Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6).  The Court was not persuaded "that a binding agreement, written or unwritten, plausibly exists as [Plaintiff] contends."  ECF No. 12 at 9.  In addition, the Court noted that Plaintiff faced a substantial hurdle in the Statue of Frauds.[1]  ECF No. 11 at 10-13.

Plaintiff timely requested that the Court reconsider its decision.  ECF No. 14.  Plaintiff now proffers the following four additional pieces of evidence which, he argues, satisfy his burden of plausibly pleading breach of contract:

- An affidavit from Linda Elliott, Jack and Sheila's longtime caretaker, in which she states that she had conversations with Jack and Sheila regarding their agreement to convey the property to Jack's children.  ECF No. 14-2 ¶ 3.

- An affidavit from Karen Koser Schwartz, the attorney who prepared Jack and Sheila's estate plan in which she states that she might be able to testify as to whether an agreement existed between Jack and Sheila regarding the property, ECF No. 14-3 ¶ 7, and that Sheila's decision to leave the property to her children "was not in accord with

---

[1] Although not explicitly outlined in the Court's Opinion, the case law provides that an affirmative defense such as the Statute of Frauds can be raised in a motion to dismiss under Fed. R. Civ. P. 12(b)(6) when "it clearly appears on the face of the complaint."  Richmond, Fredericksburg & Potomac R. Co. v. Forst, 4 F.3d 244, 250 (4th Cir. 1993); see also Harrington v. M.C. Fuhrman & Associates, LLC, Case No. WDQ-10-1528, 2011 WL 90234 (D. Md. Jan. 10, 2011).

2

      Jacks' wishes at the time" she represented the Lanahans. Id. at ¶ 8.

- Notes from Ms. Schwartz's file at Covington & Burling, LLP, relating to the disposition of the property.  ECF No 14-4 at 2-3.

- Affidavits from Plaintiff's sisters, Eleanor Lanahan and Cecelia Ross, in which each of them states that they had conversations with Jack in which he "impl[ied] that his wife Sheila had agreed that we would inherit the property or it's proceeds."  ECF No. 14-5 ¶ 3; ECF No. 14-6 ¶ 3.

"A motion for reconsideration is appropriate to 'correct manifest errors of law or fact or to present newly discovered evidence,' . . . or where there has been an intervening change in controlling law."[2]  Potter v. Potter, 199 F.R.D. 550, 552 (D. Md. 2001) (internal citations omitted).  Plaintiff's general argument appears to be that (1) the Court took a view of the Statute of Frauds that was too constrained, ECF No. 14-1 at 9, and (2) "the Court's interpretation of Maryland law on joint or reciprocal wills is too narrow." Id. at 7.  In support of his position, Plaintiff points to Collins v. Morris, 716 A.2d 384, 389 (Md. Ct. Spec. App. 1998), where the court quoted Professor Corbin,[3] and to Shimp v. Shimp, 412 A.2d 1228, 1234 (Md. 1980),

---

[2] While the evidence proffered by Plaintiff does temper the Court's previous finding that the existence of "a binding agreement, written or unwritten," was implausible, ECF No. 12 at 9, it is unclear, and Plaintiff has offered no explanation, why this evidence could not have been gathered prior to filing the Complaint.

[3] The court in Collins noted the Statute of Frauds is intended to prevent

3

where the court reaffirmed, unremarkably, that contracts may be express or implied.[4]

The problem in this case for Plaintiff, however, is that Collins and Shimp set a high burden for him to plausibly allege the breach of a contract to devise real property. While the Statute of Frauds should not stand in the way of the enforcement of oral contracts, there must, as the court in Collins pointed out by quoting Corbin, be "some note or memorandum that is adequate" before such a contract will be enforced. 726 A.2d at

---

> successful fraud by inducing the enforcement of contracts that were never in fact made. It is not to prevent the performance or the enforcement of oral contracts that have in fact been made; it is not to create a loophole of escape for dishonest repudiators. Therefore, we should always be satisfied with "some note or memorandum" that is adequate, when considered with the admitted facts, the surrounding circumstances, and all explanatory and corroborative and rebutting evidence, to convince the court that there is no serious possibility of consummating a fraud by enforcement. When the mind of the court has reached such a conviction as that, it neither promotes justice nor lends respect to the statute to refuse enforcement because of informality in the memorandum or its completeness in detail.

Collins v. Morris, 716 A.2d 384, 389 (1998) (quoting Corbin on Contracts § 22.1 (Rev. ed. 1997)).

[4] Plaintiff also cites Evans v. Buchanan, 38 A.2d 81 (Md. 1944) for the proposition that he should be permitted to prove the contract at issue here by the testimony of his affiants and other corroborating documents. Evans does not help Plaintiff's position. Because the contract there was not subject to the Statute of Frauds, proof of an oral agreement to devise was sufficient, and the analogy to Plaintiff's case is incomplete.

389 (emphasis added).  In addition, because this is a contract to devise, its terms must be proven clearly and explicitly. Shimp, 412 A.2d at 1233.  The burden on Plaintiff then is exceedingly high; he must not only satisfy the Statute of Frauds with "some memorandum or writing that is adequate," but he must do so clearly and explicitly.

Against this standard, the affidavits and notes brought forward in Plaintiff's present motion do nothing to help him plausibly allege the existence of an enforceable contract.  None of his evidence suggests the existence of any external document which may satisfy the Statute of Frauds.  In addition, none of the evidence undercuts the Court's previous conclusion on Plaintiff's theory of reciprocal wills, namely, that Sheila's "will does not create a plausible inference that in devising Boston to Jack's children she was performing on a contract to which she had bound herself in consideration for a promise from Jack that he would devise to her the majority of his assets." ECF No. 12 at 13.  This is because, as the Court explained, id. at 14, the wills of Jack and Sheila each contain unambiguous language that neither of them was "imposing any trust or legal or equitable obligation whatsoever" that the other follow through on their "hope" that certain property would be devised to the other's lineal descendants.  ECF No. 1-4 at 3-4 (Jack's Will); ECF No. 11-4 at 4 (Sheila's Will).

For the foregoing reasons, it is this 24th day of October, 2012, by the United States District Court for the District of Maryland ORDERED:

1) That Plaintiff's Motion for Reconsideration, ECF No. 14, is DENIED; and

2) That the Clerk of the Court shall transmit a copy of this Memorandum and Order to all counsel of record.

                                                                         /s/

                                          William M. Nickerson  
                                          Senior United States District Judge

DATED: October 24, 2012